IN THE UNITED STATES COURT OF APPEALS
                         FOR THE FIFTH CIRCUIT

                         _____

                           No. 01-11252
                         Summary Calendar
                         _____


JERRY BRYAN KEITH,

                                           Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                                           Respondent-Appellee

                     --------------------
               Appeal from the United States District Court
                    for the Northern District of Texas
                         USDC No. 2:99-CV-107
                     --------------------
                         January 15, 2003

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Jerry Bryan Keith (Keith), now a Texas state prisoner,

appeals the denial of his 28 U.S.C. § 2254 petition.  A

certificate of appealability was granted on the issue of whether

the trial judge was biased.

     Keith was indicted in two causes and charged with multiple

counts of sexual misconduct involving juveniles.  The causes were

tried separately.  After the verdict was rendered in the first

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

trial, the trial judge had a conversation with jurors. Keith contends that this conversation indicates that the trial judge was improperly biased. Thus, Keith argues, when the same trial judge presided over subsequent trials on the second cause, which resulted in a jury conviction and sentence, he was deprived of his constitutional right to a fair trial before an impartial tribunal. Keith makes no allegation that the jury who convicted him in his subsequent trial either heard the conversation or was improperly influenced by the trial judge.

Keith initially argues that his application for writ of habeas corpus filed in Texas state court was denied without an adjudication of the merits and thus the deferential standard of review set forth in 28 U.S.C. § 2254(d) is not applicable to his appeal. The term "adjudication on the merits" in 28 U.S.C. § 2254(d) addresses whether the state court's disposition of the claim at issue was procedural or substantive. Neal v. Puckett, 286 F.3d 230, 235 (5th Cir. 2002) (en banc). Nothing in the case history suggests that the Texas Court of Criminal Appeals was aware of a procedural bar to considering Keith's claims. See Barrientes v. Johnson, 221 F.3d 741, 778-80 (5th Cir. 2000), cert. dismissed, 531 U.S. 1134 (2001) (setting forth analysis to determine whether state court adjudication was merits-based). Additionally, the Texas Court of Criminal Appeals' language, "denied without written order," indicates that the denial was on the merits. Id. at 779-80; Miller v. Johnson, 200 F.3d 274, 281

(5th Cir.) <u>cert.</u> <u>denied</u>, 531 U.S. 849 (2000). Therefore, the deferential standard set forth in 28 U.S.C. § 2254(d) is applicable to Keith's case.

Not all questions of judicial qualification involve constitutional validity. <u>Aetna Life Ins. Co. v. Lavoie</u>, 475 U.S. 813, 820 (1986). When analyzing judicial bias in habeas proceedings, the issue is whether there was an appearance of impropriety that rose to the level of a fundamental defect resulting in a complete miscarriage of justice. <u>United States v. Couch</u>, 896 F.2d 78, 81-82 and n.6 (5th Cir. 1990). Constitutionally intolerable bias is found only in extreme cases. <u>Public Citizen Inc. v. Bomer</u>, 274 F.3d 212, 217 (5th Cir. 2002); <u>see</u> <u>Baran v. Port of Beaumont Navigation</u>, 57 F.3d 436, 444 (5th Cir. 1995).

Keith's case is not the extreme type of case where there was a probability of bias on the part of the trial judge that was so high that it was constitutionally intolerable. Therefore, the state-court adjudication denying Keith's habeas corpus application was neither contrary to clearly established federal law as determined by the Supreme Court nor based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceedings. <u>See</u> 28 U.S.C. § 2254(d); <u>Williams v. Taylor</u>, 529 U.S. 362, 411-12 (2000).

The decision of the district court is AFFIRMED.